Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9271 | **DATE** | 7/16/2002 |
| **CASE TITLE** | Rossi Distributors vs. Lavazza Premium Coffees | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/19/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion (Docs 4-1 & 4-2) to dismiss or stay proceedings, is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUL 17 2002 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SCT | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSSI DISTRIBUTORS, INC., )
)
                   Plaintiff, )
)
vs. ) 01 C 9271
)
LAVAZZA PREMIUM COFFEES CORPORATION, )
)
                   Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief Judge:

This matter is before the court on the motion of Defendant Lavazza Premium Coffees Corporation ("Lavazza") to dismiss the complaint of Plaintiff Rossi Distributors ("Rossi") pursuant to Rule 12(b)(1) and 735 ILCS 5/2-619(a)(3). For the reasons set forth below, the motion is denied.

This motion stems from a contractual relationship between Lavazza, an Italian corporation, and Rossi, an Illinois corporation, pursuant to which Rossi would develop a market for and exclusively distribute Lavazza's coffee, equipment, and products in and around Chicago. In exchange, Rossi was to be the sole distributor of Lavazza products and Lavazza agreed to make significant financial investments toward developing the market.

On or about July 16, 2001, Lavazza filed a three-count complaint in New York state court, alleging that Rossi failed to pay or only partially paid for products Lavazza had delivered. Lavazza seeks to recover the balance due for the delivered goods, as well as damages from the alleged breach of contract.

On December 4, 2001, Rossi filed a nine-count complaint in this court alleging, *inter alia*, breach of contract, tortious interference with contractual relations, and intentional interference with economic opportunity. Rossi alleges that Lavazza intentionally entered the greater Chicago market on its own and took business away from Rossi, violating Rossi's contractual right of distribution exclusivity in that geographical area.

Lavazza now seeks dismissal of Rossi's complaint on two alternative, though not wholly unrelated, grounds. One originates in state statutory law. 735 ILCS § 2-619(a)(3). The other finds its source in federal case law. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). Section 2-619(a)(3) states that an action may be dismissed if "there is another action pending between the same parties for the same cause." Colorado River involves a two-pronged analysis that begins with consideration of whether the two suits in question are parallel, meaning that "substantially the same parties are contemporaneously litigating substantially the same issues." Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988).

Although § 2-619(a)(3) and Colorado River are similar, they are not mirror images. For example, relief under § 2-619(a)(3), though not mandatory, is commonly granted; Colorado River is to apply only in "exceptional circumstances." Crain v. Lucent Technologies, Inc., 739 N.E.2d 639, 646-47 (Ill. App. Ct. 2000); Praxair, Inc. v. Slifka, 61 F. Supp. 2d 753, 761 (N.D. Ill. 1999); Colorado River, 96 S.Ct. at 1246. Application of § 2-619(a)(3) results in dismissal of the complaint, while the usual outcome in a Colorado River case is stay of the federal case pending resolution of the state action. LaDuke v. Burlington Northern Railroad Co., 879 F.2d 1556, 1561-62 (7th Cir. 1989); Praxair, Inc. v. Slifka, 61 F. Supp. 2d at 761. Despite their differences, § 2-619(a)(3) and Colorado River share a common goal: to avoid duplicative litigation and waste of judicial resources. Both allow a court discretion to decline to hear a case when a similar cause is pending in another forum, thus preventing both inconsistent results and duplication of effort. Lavazza characterizes the New York action and this case as duplicative and urge that we follow one of these roads to dismissal or stay of the instant case in favor of the New York suit.

In addressing the pending motion, Rossi and Lavazza skirmish over the applicability of the state rule in this federal action as well as the question of whether this case presents the "exceptional circumstances" that would permit application of Colorado River, but these arguments put the cart before the horse. Before either the rule or the doctrine can apply, the suits in question must be substantially similar, though they need

-3-

not be perfectly identical. Hapag-Lloyd (America), Inc. v. Home Ins. Co., 729 N.E.2d 36, 40 (Ill. App. Ct. 2000). The actions under examination will be deemed if Rossi and Lavazza both seek relief pursuant to the same operative facts or if resolution of the New York action will dispose of all claims presented in the case filed here. Kapoor v. Fujisawa Pharmaceutical Co., 699 N.E.2d 1095, 1100 (Ill. App. Ct. 1998); Doutt v. Ford Motor Co., 659 N.E.2d 89, 91 (Ill. App. Ct. 1995); Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 898 (7th Cir. 1999); Lumen Construction, Inc. v. Brant Construction Co., Inc., 780 F.2d 691, 695 (7th Cir. 1985).

Although the parties to the two actions are identical, even a cursory look at the two complaints reveals that they are not grounded in the same set of operative facts. Lavazza insists that they are parallel because both actions arise out of the same occurrence, the distributorship arrangement. This argument is unpersuasive; a relationship is not an occurrence. Rather, it is a series of occurrences, often taking place over an extended period of time, with varying degrees of relatedness. Looking at the specifics of the two complaints, the New York action seeks to collect unpaid invoices issued during a three-month period in 2000; the action filed here alleges misconduct on the part of Lavazza spanning nearly four years that runs the gamut from breach of contract and tortious interference to fraudulent misrepresentation to unfair trade practices and misappropriation of trade secrets. The relief sought in the New York action is purely monetary; in the instant action, Rossi wishes both damages and various

equitable remedies. Clearly, even a complete resolution of the case in New York will not dispose of all the claims raised in Rossi's complaint. Despite Lavazza's attempt to cast the causes as substantially similar, we conclude that they are different beasts and contemporaneous litigation would not lead to a duplication of effort. Accordingly, neither § 2-619(a)(3) nor Colorado River applies to this case.

We do note that even though Rossi is legally permitted to pursue the two actions separately, the suits are tangentially related, with complete identity of parties, and Rossi alluded to their ability to file this action as a counterclaim to the New York action. We therefore urge them to consider whether maintenance two simultaneous actions is truly in their best interest.

## CONCLUSION

Based on the foregoing analysis, Defendant Lavazza's motion to dismiss is denied.

_____
Charles P. Kocoras, Chief Judge
United States District Court

Dated: July 16, 2002