# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9271 | **DATE** | 10/2/2002 |
| **CASE TITLE** | Rossi Distributors vs. Lavazza Premium Coffees Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/4/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 14-1) to dismiss is granted in part and denied in part. We deny Lavazza's motion to dismiss Counts II, III, IV and VIII. We grant Lavazza's motion to dismiss Counts I, V, VI and VII. We shall treat Count IX as a request for relief as is appropriate. All discovery to be completed by February 4, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | OCT 02 2002 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| SCT | courtroom deputy's initials | U.S. DISTRICT COURT 2002 OCT -2 PM 4:42 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSSI DISTRIBUTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 01 C 9271 |
| ) | |
| LAVAZZA PREMIUM COFFEES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
OCT 2 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief +District Judge:

This matter is before the court on Defendant Lavazza Premium Coffees Corporation's ("Lavazza") motion to dismiss. For the reasons stated below, we deny Lavazza's motion to dismiss Counts II, III, IV, and VIII. We grant Lavazza's motion to dismiss Counts I, V, VI and VII. We shall treat Count IX as a request for relief as is appropriate.

## BACKGROUND

Plaintiff Rossi Distributor's, Inc. ("Rossi") is engaged in the business of selling coffee and coffee products in the Chicago area. Lavazza is an Italian Corporation that is an exporter of premium coffees and coffee equipment. Rossi and Lavazza both agree that they entered into a valid oral contract which gave Rossi the exclusive rights to

19

distribute Lavazza products in the Chicago area. Rossi also claims that Lavazza agreed to make investments in furtherance of developing a market for Lavazza products. After approximately three and a half years Lavazza put an end to the contract and entered the Chicago market with its products in competition with Rossi. Plaintiff filed a complaint which includes claims for: 1) breach of contract, 2) tortious interference with contractual relations, 3) intentional interference with economic opportunity, 4) estoppel, 5) unjust enrichment, 6) fraudulent misrepresentation, 7) unfair trade practices, and 8) misappropriation of trade secrets. On February 4, 2002 we denied Lavazza's motion to dismiss, or in the alternative to stay, pursuant to Federal Rule of Procedure 12(b)(1) and 735 ILCS 5/2-619(a)(3). Lavazza now brings a motion to dismiss pursuant to Rule 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. *Bontkowsi v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

The court must draw all reasonable inferences from the allegations in favor of the plaintiff, *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991), and the plaintiff can plead conclusions in addition to facts. *Kyle v. Morton High school*, 144 F.3d 448, 455 (7th Cir. 1998). However, any conclusions plead must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins v. Silverstein*, 939 F.2d 463, 466-67 (7th Cir. 1991).

## DISCUSSION

Rossi first argues that Lavazza's motion was not timely because it was not filed within 10 business days plus three additional days as required by Federal Rules of Civil Procedure 6 and 12(a)(4). However, Federal Rule 12(a)(4) also gives this court discretion to fix a different filing date and we consider the motion to be timely. We also note that Rossi and Lavazza both concur that Count IX entitled "Injunction" is not a claim, but is a remedy. Accordingly we shall treat Count IX as a request for relief as is appropriate.

I. Whether Oral Agreement was Terminable at Will

Lavazza argues that the breach of contract claim in Count I is deficient because Rossi does not allege that the oral distribution contract was to continue for any set period. To properly plead a breach of contract cause of action under Illinois law plaintiffs must allege: "(1) the existence of a valid and enforceable contract; (2) their own performance under the terms of the contract; (3) a breach of the contract by the defendant; and (4) an injury suffered as a result of the defendant's breach." *Bell Enterprises Venture and HTP America, Inc. v. Santana Natural Gas Corp.*, 2001 WL 1609417, *3 (N.D. Ill 2001)(citing *Petri v. Gatlin*, 997 F.Supp. 956, 964 (N.D. Ill. 1997)). Under Illinois law an executory contract that contains no durational term is deemed terminable at will. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1012 (7th Cir. 1985); *Ruca Hardware, Ltd. v. Chien*, 1995 WL 307172, *6 (N.D. Ill. 1995)(citing *Ryan v. Wersi Elec. GmbH & Co.*, 3 F.3d 174, 181 (7th Cir. 1993)). Where the contract terms do not indicate a definite duration, a duration may be implied by looking at the surrounding circumstances and determining the parties' intentions. *First Commodity Traders, Inc.*, 766 F.2d at 1012; *N.J. Morgan & Associates, Inc. v. Amerisource Health Corp.*, 1999 WL 1212559, *2 (N.D. Ill. 1999).

In this case Rossi has not alleged any durational term for the distribution contract. Neither are there alleged any circumstances that would indicate that a duration was

implied.[1] Rossi is completely silent as to the duration of the contract. If the contract was perpetual then it was terminable at will. Therefore, since Rossi has failed to allege an essential element of its claim the motion to dismiss Count I is granted.

II. Tortious Interference with Contractual Relations

To properly plead a tortious interference with a contractual relationship claim, a plaintiff must allege: "(1) the existence of a valid contract between the plaintiff and a third party; (2) defendants' knowledge of the contract; (3) the defendants' intentional and malicious inducement of the breach; (4) a subsequent breach by the third party due to defendants' wrongful conduct; and (5) damages resulting from the breach." *Oil Express Nat'l Inc. v. Burgstone*, 1996 WL 666698, *6 (N.D. Ill. 1996). Lavazza asserts that Rossi has failed to allege that any third parties breached their contracts with Rossi or that they stopped doing business with Rossi as a result of Lavazza's inducement. Although Rossi does not specifically state that third parties breached their contracts with Rossi in the complaint, it can be reasonably inferred from the facts given that third parties did so. Rossi alleges that Lavazza entered the Chicago area market and took business from Rossi. Rossi also alleges that Lavazza interfered with the contracts between Rossi and its clients. From those statements it can be inferred that the clients

---

[1] We note that Rossi has also indicated that New York law might apply in this case and that under New York Law a reasonable duration can be implied by the circumstances. *See Colony Liquor Distributors v. Jack Daniel Distillery*, 245 N.Y.S.2d 547 (App. Div. 3rd Dept. 1964). In the case before us Rossi has not alleged any circumstances that would indicate that the distribution contract was anything other than a perpetual contract, terminable at will by either party.

breached their contracts with Rossi. Lavazza also complains that Rossi has not stated the identities of the parties that breached contracts with Rossi. Under the federal pleadings standard Rossi is not required to list the parties by name that are the subject of the claim. Stating that the third parties in breach were Rossi's clients is sufficient. We therefore deny the motion to dismiss Count II.

III. Tortious Interference with Economic Opportunity

The tort of tortious interference with prospective economic advantage has four elements: "1) plaintiff must have a reasonable expectancy of a valid business relationship with a third party; (2) defendant must know of the prospective business relationship; (3) defendant must intentionally interfere with the prospective relationship such that the prospective business relationship never materializes; and (4) the interference must damage the plaintiff." *Lynch Ford, Inc. v. Ford Motor Co., Inc.*, 957 F.Supp. 142, 145-46 (N.D. Ill. 1997). Lavazza argues that Rossi has failed to identify which third parties were allegedly interfered with and that the general assertion that Lavazza "interfered" with Rossi's client base is insufficient. It is true that Rossi fails to identify any specific instances when it lost a client and had a reasonable expectation of obtaining that client. However, Rossi states in its complaint that Lavazza became its competitor in the Chicago area and that Lavazza purposefully interfered with Rossi's client base. We think that provides Lavazza with a sufficient basis for the claim under

Rule 12(b)(6). Under the liberal standard of Rule 12(b)(6) Rossi is not required to plead the names of all potential clients lost.

IV. Estoppel Claim

Lavazza first argues that Rossi's estoppel claim in Count IV is a promissory estoppel claim and that it is not applicable in this case because Rossi claims that a valid contract existed. Where there is no disagreement that there was a valid contract governing the parties' rights, even one terminable at will, the doctrine of promissory estoppel is not applicable. *See LaSalle National Bank v. Metropolitan Life Insurance Co.*, 18 F.3d 1371, (7th Cir. 1994)(stating that promissory estoppel doctrine does not apply where there is a valid contract); *Jackson v. Encyclopedia Britannica Educational Corp.*, 1996 WL 604013, *6 (N.D. Ill. 1996)(stating that promissory estoppel doctrine does not apply when the validity of the contract is not disputed). Rossi's only response is to claim that Lavazza denies the existence of a valid contract. However, Lavazza alleges that there was a valid contract that was terminable at will. Therefore, the doctrine of promissory estoppel would not be appropriate in this case.

Rossi also argues that Count IV states an equitable estoppel claim. To satisfy the requirements of the doctrine of equitable estoppel a plaintiff must show: "(1) a misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and (3) detriment." *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002). In this case Rossi asserts that Lavazza orally agreed to let Rossi have an

exclusive distributorship. Rossi asserts that it incurred expenses and altered its business position to be able to promote Lavazza's products. Finally Rossi asserts that Lavazza breached the agreement, leaving Rossi holding the bag after it had incurred expenses and changed its business position to accommodate Lavazza's products. Therefore we find that Count IV states a claim for equitable estoppel and the motion to dismiss Count IV is denied.

V. Unjust Enrichment Claim

Lavazza argues that Rossi's unjust enrichment claim is not applicable in this case because Rossi and Lavazza both agree that there was a valid contract between them. An unjust enrichment claim is not appropriate where a valid contract, even one terminable at will, governs the rights of the parties. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1012 (7th Cir. 1985); See also *U.S. v. Broadway Constr., Inc.*, 1998 WL 246385, *5-6 (N.D. Ill. 1998)(stating that unjust enrichment is based on a contract implied at law and is not applicable where a contract governs parties' rights). Rossi's response is to seek to include unjust enrichment as an alternative claim to the breach of contract claim. Other courts in this district have allowed a plaintiff to state a breach of contract claim and an unjust enrichment claim alternatively. See *ASA v. Hartford Life Insurance Co.*, 116 F.Supp.2d 960, 964 (N.D. Ill. 2000)(stating that *First Commodity Traders, Inc.* is limited to summary judgment stage); *Quadion Corp. v. Mache*, 738 F.Supp. 270, 278 (N.D. Ill. 1990)(stating that

*First Commodity Traders, Inc.* is limited to summary judgement stage and that Federal Rule of Civil Procedure 8(e)(2) allows alternative claims of breach of contract and unjust enrichment). However, we have held that such claims cannot be pled alternatively. *See Broadway Constr., Inc.*, 1998 WL 246385 at *5-6(stating that unjust enrichment is based on a contract implied at law and is not applicable where a contract governs parties' rights).

Rossi also claims that Lavazza denies the existence of a valid contract. However, Lavazza states explicitly in its memorandum in support of its motion to dismiss that it does not deny the existence of a valid distributorship contract with Rossi. Lavazza states that its defense is that the contract was a terminable at will arrangement. Thus both Rossi and Lavazza agree that there was a valid contract that governed their rights. Therefore the doctrine of unjust enrichment is inappropriate in this case and the motion to dismiss count V is granted.

VI. Fraud Claim

Lavazza argues that Rossi failed to plead the fraud claim in Count VI with particularity. Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Under Rule 9(b) Plaintiffs must allege the "identity of the person who made the representation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom,*

*Inc. v. Hartbridge Merchant Svcs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)(quoting *Bankers Trust Co. v. Old World Republics Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)); *WFS Financial, Inc. v. South Chicago Dodge, Inc.*, 2001 WL 1002463, *3-5 (N.D. Ill. 2001). Rossi does not respond to the accusation that it has not met this heightened pleading requirement. Rossi's states that it made general allegations sufficient to plead the various elements of fraudulent misrepresentation and promissory fraud and asks for leave to amend its complaint if more specificity is required. The complaint contains only general terms and does not provide the required specificity. The complaint does not indicate the content of the alleged misrepresentations or method used to make the misrepresentations, nor the times or dates of the misrepresentations. Therefore the motion to dismiss Count VI is granted.

VII. Uniform Deceptive Trade Practices Act

Rossi claims in Count VII that Lavazza violated Uniform Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.*, by misappropriating Rossi's customer information and stealing its customers. Lavazza is correct to point out that these allegations do not fall under any of the examples listed as deceptive trade practices in § 510/2 of the Uniform Deceptive Trade Practices Act. In its answer Rossi fails to respond to Lavazza's assertion and is completely silent regarding its claim brought under the Uniform Deceptive Trade Practices Act. Therefore we grant the motion to dismiss Count VII.

VIII. Trade Secrets Claim

Rossi includes a claim for misappropriation of trade secrets in Count VIII. Lavazza points out that a common law claim for misappropriation of trade secrets is pre-empted by the Illinois Trade Secrets Act. 765 ILCS 1065/8. Rossi then responds in its answer that Count VIII states a claim for a violation of the Illinois Trade Secrets Act. Lavazza claims that since Rossi specifically alleged a misappropriation of trade secrets in its complaint, Count VIII should be dismissed. A plaintiff is required to plead facts and conclusions to give a basis for a claim, but a plaintiff is not required to allege a particular cause of action or supporting law. *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992)(stating that although ERISA preempted breach of contract claim, case should not have ben dismissed because plaintiff was not required to plead law that supported allegations). Therefore, pre-emption by the Illinois Trade Secrets Act does not mean that no claim exists in Count VIII.

Rossi claims that it had customer information that was proprietary in nature and was kept in a secure place. Rossi also alleges that Lavazza misappropriated that information. Lavazza's response is that Rossi has not alleged facts specific enough to show that the customer information was a trade secret. The Seventh Circuit has held that in alleging trade secret violations a plaintiff must do more than "point to broad areas of technology and assert that something there must have been secret." *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992). The

secrets alleged must be concrete. *Id.* In this case Rossi has done more than assert that broad areas of information were secret. In its complaint Rossi refers to a specific source of secret customer information kept in a specific secure place. *See Curtis 1000, Inc. v. Sues*, 24 F.3d 941, 947-48 (7th Cir. 1994)(stating that customer list can be a trade secret). Therefore we deny the motion to dismiss Count VIII.

## CONCLUSION

Based on the foregoing analysis we deny Lavazza's motion to dismiss Counts II, III, IV, and VIII. We grant Lavazza's motion to dismiss Counts I, V, VI, and VII. We shall treat Count IX as a request for relief as is appropriate.

*[signature]*

Charles P. Kocoras, Chief Judge
United States District Court

Dated: October 2, 2002